IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| MELVIN E. POPE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action Number: |
| ) | 6:12-cv-2623-WMA-PWG |
| FREDDIE BUTLER and the ATTORNEY ) | |
| GENERAL OF THE STATE OF ALABAMA ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254 by an Alabama state prisoner, Melvin Edward Pope (the "petitioner" or "Pope"), who is confined at the Hamilton Aged & Infirmed correctional facility in Hamilton, Alabama. In his *pro se* petition, Pope attacks his 1981 guilty-plea conviction for robbery, for which he was sentenced to life imprisonment. (*See* Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition" or "Pet."), Doc.[1] 1). In particular, he maintains that the state trial court "did not have jurisdiction" to convict or sentence him, on theories (1) that his "plea of guilty was unlawfully induced," presumably in violation of the Due Process Clause of the Fourteenth Amendment (Pet. at p. 8); (2) that his Sixth Amendment constitutional right to appointed counsel was violated because his attorney present at the plea hearing was not licensed to practice law in Alabama (*id.* at pp. 8-10); and (3) that the attorneys that represented him throughout were ineffective in numerous respects, also in violation of the Sixth Amendment (*id.* at pp. 11-12). He also contends that he is entitled to a new plea hearing and/or sentencing hearing based on the fact that he has been diagnosed with post-traumatic stress disorder

---

[1] References to "Doc(s).___" are to the documents as numbered by the clerk of court in the court's record of the case.

("PTSD"). (*Id.* at p. 13). On August 8, 2012, the magistrate judge entered a report recommending that the action is due to be dismissed as barred by the one-year statute of limitations, 28 U.S.C. § 2244(d). (Doc. 3). Pope has filed a "Motion to Expand and/or Supplement [the] Record." (Doc. 4). The court has granted that motion and advised that it will consider the attached materials and treat the motion as raising objections to the magistrate judge's report. (Unnumbered margin docket entry dated August 22, 2012).

Pope does not dispute that his § 2254 petition is untimely on its face by well more than a decade. Rather, he objects to the magistrate's recommendation by arguing that his claims demonstrate an absence of jurisdiction in the State trial court and that the statute of limitations, as a procedural defense, cannot bar such "jurisdictional" claims. At the outset, the court would recognize that any characterization by the Alabama courts regarding whether any of Pope's claims is considered "jurisdictional" under state law is immaterial to whether such claims are subject to the one-year statute of limitations contained in 28 U.S.C. § 2244(d) when asserted in a § 2254 habeas petition. The applicability of the limitations period to Pope's claims for federal habeas relief is purely a question of federal law. While Pope argues that his claim challenging the validity of his conviction and sentence presents a "jurisdictional" claim that is not governed by the one-year limitations period of § 2244(d)(1), "neither the statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law." *Brown v. Patterson*, 2012 WL 3264896, *3 (M.D. Ala. 2012); *see also Owens v. Mitchem*, 2012 WL 4009335, *3 n. 3 (N.D. Ala. 2012) ("There is no exception under AEDPA's statute of limitations for a § 2254 claim that the state court lacked subject matter jurisdiction."); *Nettles v. Secretary, Dep't of Corr.*, 2012 1309360, *2 (M.D. Fla. 2012); *Griffin v. Padula*, 518 F. Supp. 2d 671, 677 (D.S.C. 2007); *Ahmed v. Hooks*, 2007 WL

128787, *1 (S.D. Ala. 2007); *Beaulieu v. Minnesota*, 583 F.3d 570, 574 (8th Cir. 2009) ("Whether Minnesota had jurisdiction of [the petitioner's] claim was a matter for the Minnesota courts to address. [The petitioner] misapprehends the nature of federal habeas review, and we hold that his subject matter jurisdiction claim does not preclude a finding of procedural default." (citation and footnote omitted)); *cf. Williams v. United States*, 383 Fed. App'x 927, 929-30 (11th Cir. 2010) (holding that the one-year statute of limitations set forth in 28 U.S.C. § 2255(f) applies to claims challenging the trial court's jurisdiction brought by a federal prisoner in a motion to vacate under 28 U.S.C. § 2255).

Further, this court can grant habeas relief only based upon violations of federal, not state, law. *See Swarthout v. Cook*, 131 S. Ct. 859, 861 (2011). And as far as federal law is concerned, Pope's petition does not raise any constitutional claim that is "jurisdictional" such that it might be immune from procedural defenses. It is beyond question that procedural defenses, including the statute of limitations, may bar federal habeas relief on constitutional claims alleging that counsel rendered ineffective assistance, *see Daniels v. United States*, 532 U.S. 374, 384 (2001); *see also, e.g., Pace v. DiGuglielmo*, 544 U.S. 408 (2005), or that a guilty plea was invalid. *See Daniels, supra; Bousley v. United States*, 523 U.S. 614, 621 (1998); *United States v. Montano*, 398 F.3d 1276, 1279-80 (11th Cir. 2005). Likewise, even a claim alleging that a conviction was entirely uncounseled in violation of *Gideon v. Wainwright*, 372 F.3d 335 (1963), does not amount to a true jurisdictional issue that may be raised at any time. *Howard v. United States*, 374 F.3d 1068, 1071-72 (11th Cir. 2004). Pope's attempts to evade the statute of limitations are thus unavailing.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the findings and recommendation and the objections filed by the petitioner, the court is

of the opinion that the magistrate judge's findings are due to be and are hereby ADOPTED and his recommendation is ACCEPTED. To the extent that the petitioner's "Motion to Expand and/or Supplement [the] Record" is construed as interposing objections to the report and recommendation, such objections are due to be and hereby are OVERRULED. As a result, Pope's § 2254 petition for federal habeas relief is due to be DISMISSED WITH PREJUDICE as untimely under § 2244(d)(1). A separate final judgment will be entered.

    As to the foregoing it is SO ORDERED this the  24th  day of  September , 2012.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE